IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff-Respondent, | ) | |
| v. | ) | Case No. CR-12-65-D |
| | ) | and |
| JOHNNIE RAY BRAGG, JR., | ) | Case No. CR-13-32-D |
| Defendant-Petitioner. | ) | |

# O R D E R

This matter comes before the Court upon Defendant Johnnie Ray Bragg, Jr.'s Motion to Alter or Amend Judgment Under Rule 59(e), filed *pro se* on October 19, 2017 in Case No. CR-12-65 [Doc. No. 551] and Case No. CR-13-32-D [Doc. No. 58]. These identical filings are made in two cases that were consolidated for sentencing purposes; the first case involves convictions for drug-trafficking and money-laundering conspiracies, and the second case involves a conviction for tampering with a cooperating witness in the first case. It is unclear from the filing what "Judgment" Defendant intends to challenge. The Motion indicates that Defendant proposes to file a motion for relief from his sentence pursuant to 28 U.S.C. § 2255, to challenge under *Johnson v. United States*, 135 S. Ct. 2551 (2015), an enhanced sentence imposed under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

There is a pending § 2255 motion in the first case, and Defendant was previously denied permission to add a "*Johnson*" claim to the motion. *See* 10/28/16 Order [Doc. No. 545]. Defendant has not previously filed a § 2255 motion in his second case, and the

one-year time period to seek relief under *Johnson* in that case expired long ago. *See* 28 U.S.C. § 2255(f). Liberally construed, Defendant might be attempting to seek relief from the October 2016 Order, which also denied a motion that was filed in both cases. *See* 10/28/16 Order at 1 n.1. The Court denied the prior motion on the ground that any effort to add a *Johnson* claim would be futile. *See id*. at 2.

So construing the instant Motions, the Court finds that they present no basis for relief from the prior ruling. As previously explained, "Defendant is mistaken in arguing that his sentence was enhanced under the ACCA." *Id*. at 2. The presentence investigation reports in Defendant's cases recommended an enhancement under the career offender provision of the Sentencing Guidelines, U.S.S.G. § 4B1.1. The Tenth Circuit previously ruled that *Johnson* impacted the career offender guideline, *see United States v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015), but the Supreme Court disagreed and abrogated *Madrid*. *See United States v. Beckles*, 137 S. Ct. 886 (2017). Therefore, *Johnson* has no effect on Defendant's sentences.

IT IS THEREFORE ORDERED that Defendant's Motion to Alter or Amend Judgment Under Rule 59(e) is DENIED.

IT IS SO ORDERED this 22nd day of May, 2018.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE