IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-12-65-D |
| ) | |
| JOHNNIE RAY BRAGG, JR., ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant's *pro se* Motion for Reconsideration [Doc. No. 592]. Defendant asks the Court to revisit its Order of February 11, 2022 [Doc. No. 588], denying a reduction of his prison sentence. Liberally construing the Motion, Defendant asks the Court to consider his prior Motion for Compassionate Release/Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) of the First Step Act of 2018 [Doc. No. 582] in light of *Concepcion v. United States*, 142 S. Ct. 2389 (2022).

"The court of appeals has held that "motions to reconsider in criminal cases are not grounded in a rule or statute" but fall within a district court's inherent authority. *See United States v. Randall*, 666 F.3d 1238, 1242 (10th Cir. 2011). The court has specifically held that motions to reconsider decisions made under § 3582(c) are permitted, but such motions must be "filed within the time to appeal the order that is the subject of reconsideration," which is 14 days. *See United States v. Warren*, 22 F.4th 917, 926 (10th Cir. 2022); *see also Randall*, 666 F.3d at 1243. The court of appeals in *United States v. Christy*, 739 F.3d 534 (10th Cir. 2014), endorsed the civil standard for use in criminal cases:

> A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Specific grounds include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id*. A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier. *Id*.

*Id*. at 539; *see United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir. 2015).

First, Defendant's Motion is untimely. It was filed months after the February 11 Order. Second, liberally construed as a renewed motion for sentencing relief, the Court understands that Defendant seeks consideration of his prior motion under the standard announced in *Concepcion*.[1] Even viewed in this way, no relief is warranted.

Defendant moved for relief from his sentence under 18 U.S.C. § 3582(c)(1)(A)(i) based on alleged "extraordinary and compelling reasons." *Concepcion* addressed a motion for relief under 18 U.S.C. § 3582(c)(2) based on eligibility for a reduced sentence under § 404(a) of the First Step Act. Defendant did not file such a motion.

In any event, Defendant's arguments are misguided. The government conceded in response to his prior motion that "Defendant would no longer be subject to the career-offender provision [of the Sentencing Guidelines] under current law." *See* 2/11/22 Order [Doc. No. 588] at 4. The Court considered this change in circumstances in considering whether to grant Defendant relief from his sentence. *See id*. at 8; *see also* Pl.'s Resp. Br.

---

[1] Because Defendant appears *pro se*, the Court liberally construes his arguments but does not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[Doc. No. 586] at 13 (explaining amended guideline calculation). Further, the 480-month sentence originally imposed represented "a substantial downward variance" from the advisory guideline range of imprisonment. *Id*. at 2, 9. In denying relief from that sentence, the Court carefully considered Defendant's arguments and simply declined to exercise its discretion in his favor because

> "in the Court's judgment, the § 3553(a) factors weigh heavily against granting Defendant a reduced sentence due to the seriousness of his criminal conduct and the original reasons why the Court imposed his existing prison sentence, which are not affected by intervening legal developments. The Court finds that Defendant's sentence remains appropriate to reflect the seriousness of his offenses, to promote respect for the law, to provide just punishment for the offenses, to adequately deter future criminal conduct, and to protect the public from further crimes. Having considered the relevant § 3553(a) factors, the Court finds Defendant should not receive a reduction of his sentence.

*Id*. at 10-11. The Supreme Court's opinion in *Concepcion* does not affect this Court's finding that Defendant's existing prison sentence should not be reduced.

For these reasons, the Court finds that Defendant fails to present a sufficient reason for reconsideration of the February 11 Order.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration [Doc. No. 592] is **DENIED**.

**IT IS SO ORDERED** this 22nd day of September, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge