IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-12-65-D |
| ) | |
| JOHNNIE RAY BRAGG, JR., ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant's *pro se* "Motion for Reconsideration of the District Court's Order 'Doc. 602' Mistake of Fact and Law" [Doc. No. 604]. The government has responded in opposition [Doc. No. 605], and Defendant has submitted a reply brief [Doc. No. 606].[1]

Liberally construed, the Court understands that Defendant seeks relief from the Order of November 3, 2023 [Doc. No. 602], dismissing his "Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782" [Doc. No. 601]. The dismissal was based on the Court's finding that Amendment 782 did not have the effect of lowering the applicable guideline range and thus § 3582(c)(2) did not authorize a modification of Defendant's prison sentence. In seeking reconsideration, Defendant challenges this finding on the grounds that "Amendment 782 would lower the Base Offense Level for the same drug quantities" and, due to a change in the law, an

---

[1] The government asserts both that the Motion is untimely and that it lacks merit. Defendant contends he filed the Motion within fourteen days after he received the November 3 Order. *See* Reply Br. at 1. The Court exercises its discretion to excuse any untimeliness.

enhancement under § 2D1.1(b)(1) for possessing a firearm should no longer apply. *See* Mot. Reconsider at 1 (citing *United States v. Martinez*, 82 F.4th 994 (10th Cir. 2023)).

Although federal rules of procedure do not authorize a motion to reconsider, a district court has discretion to grant reconsideration under proper circumstances. *See United States v. Warren*, 22 F.4th 917, 927 (10th Cir. 2022). A court may grant relief from a prior order "when the court has misapprehended the facts, a party's position, or the law." *Id.* (quoting *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014)). "Specific grounds include: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Christy*, 739 F.3d at 539; *accord Warren*, 22 F.4th at 927.

Defendant attempts to satisfy this standard by arguing that the Court clearly erred in finding that Amendment 782 does not lower his guideline range and failing to recognize that *Martinez* alters the applicability of the firearm enhancement. The government provides a thorough explanation why Defendant's position is simply wrong. *See* Resp. Br. at 6-9. For the reasons stated by the government, the Court finds no basis to alter its prior determinations that Defendant is ineligible for relief under § 3582(c)(2) based on Amendment 782.[2]

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration [Doc. No. 604] is **DENIED**.

---

[2] This same determination was originally made April 14, 2020 [Doc. Nos. 576 and 577].

**IT IS SO ORDERED** this 4th day of January, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge